YARRUT, Judge.
Plaintiff (Peyton) and his subrogated insurer, sue to recover $191.20 from Defendant as property damage to Peyton’s automobile, resulting from a collision with Defendant’s automobile. Reference to Plaintiff regarding the accident will be to Peyton alone.
Defendant reconvened to recover $65.00 from Plaintiffs for property damage to his automobile. Each party charged the other with the following negligence:
(a) Operating his vehicle at an excessive rate of speed under the circumstances;
(b) Failing to see what he should have seen;
(c) Failing to maintain proper control over his vehicle;
(d) Proceeding into a controlled intersection in violation of a red light;
(e) Operating his vehicle in reckless disregard for the safety of lives and property of others.
The city court judge dismissed both primary and reconventional demands without reasons, apparently concluding both Plaintiff and Defendant were negligent in entering the intersection, under the conditions-then prevailing. Only Plaintiffs have appealed.
The collision occurred in the riverside intersection of South Claiborne and Wash *879 ington Avenues in New Orleans, 'about 11:00 p. m. in November, 1963. Plaintiff was traveling in the neutral ground lane on the river side roadway of South Claiborne towards Canal Street; Defendant on Washington, towards the lake. Claiborne has two opposing roadways divided by an elevated grass-covered neutral ground, about 25 feet wide, each roadway having four traffic lanes, three from the neutral ground and the fourth for parking next to the sidewalk.
Washington has only one roadway, with two opposing travel lanes. The intersection is controlled by electric semaphore red-amber-green traffic lights.
Plaintiff’s automobile, in the neutral ground lane, had already entered the Washington intersection when it was struck on the right rear door by Defendant’s automobile. Defendant testified he had stopped on Washington behind another car for a red light. When the light turned green, the lead car made a right turn into Claiborne, and he followed straight ahead into the Claiborne intersection without looking to ■determine whether any other cars were in the intersection, giving as his reason that you don’t have to look both ways when the green light is in your favor.
Plaintiff testified that, when he entered the Washington intersection the light was green; that'he observed Defendant’s automobile entering the Claiborne intersection ; and that Defendant did not stop at Claiborne but entered and went across on a red light. There were three adult passengers in Plaintiff’s automobile, one on the front seat and two in the rear. They all corroborated Plaintiff’s testimony that the light was green when he entered the Washington intersection. However, the number of witnesses is not the decisive factor in determining the weight to be given testimony. Coleman v. Continental Southern Lines, Inc., La.App., 107 So.2d 69. The trial judge must have concluded that Defendant was negligent in proceeding into the Claiborne intersection on a green light without first determining that it was safé to do so; and that Plaintiff was equally negligent in entering the Washington intersection, either on an amber or red light, when he could have easily seen Defendant’s approaching car. We find no manifest error in such a factual determination.
Therefore the judgment is affirmed; each party to pay his own costs in the trial court and Plaintiffs alone to pay the cost on appeal.
Judgment affirmed.