211 So.2d 690 (1968)
UNITED STATES FIDELITY AND GUARANTY COMPANY and Lois Weinhardt
v.
Ernest FIFFIE.
No. 3085.
Court of Appeal of Louisiana, Fourth Circuit.
June 10, 1968.
*691 Huddleston, Hurley, Senter & Davis, James T. Davis, New Orleans, for plaintiffs-appellees.
Richard G. Steiner, Gretna, for defendant-appellant.
Before YARRUT, SAMUEL and BARNETTE, JJ.
SAMUEL, Judge.
This is a suit for property damages resulting from a collision between two automobiles. Plaintiffs are the owner-driver of one of the cars involved and her subrogated collision insurer. The defendant was driving the other car at the time of the accident. After trial there was judgment in favor of plaintiffs in the total amount of $345.43, the proven amount of damages to the plaintiff vehicle. Defendant has appealed.
Only three witnesses testified during the course of the trial: (1) an appraiser whose testimony was concerned solely with the extent of the damage to the plaintiff automobile; and (2) the drivers of the two cars. The undisputed facts are:
The accident happened during daylight on a rainy afternoon in the 800 block of Henry Clay Avenue in the City of New Orleans. At that point the street was blacktopped and there was about an 8-foot shelled area between the edge of the blacktop and the sidewalk. The defendant automobile was parked in a driveway on the shelled area perpendicular between the sidewalk and the street with its rear-end protruding about one foot over the blacktopped area. A large moving van, from which furniture was being unloaded, was parked on the side of the street just opposite from the defendant vehicle. The van blocked about one-half of the street. As the plaintiff car approached the scene the van was to its left and the defendant car was to its right; other automobiles, parked on the shelled area parallel to the street and sidewalk, were also to its right between it and the defendant vehicle. The right front of the plaintiff automobile was damaged in the collision.
Plaintiff testified she was traveling not more than 20 miles per hour. When she was about to pass the moving van on her left the defendant, suddenly and without warning of any kind, backed his car into the street directly in her path of travel. She attempted to apply her brakes but was unable to do so in time to avoid the collision; the distance between the vehicles was too short and she saw the defendant car only immediately before the impact. She had been unable to see the defendant car as she approached the point of the collision because the vehicles parked parallel to the street blocked her view. The right front of her vehicle struck the right side of the defendant car. After the collision had occurred the defendant jumped out of his car and that vehicle continued on, struck a tire on the moving van, bounced off, hit plaintiff's car again, hit a parked car on the opposite side of the street and then hit the plaintiff automobile a third time.
The defendant testified he saw the approaching plaintiff vehicle, which then was traveling between 35 to 45 miles per hour, while he was sitting behind the wheel of *692 his automobile with the engine running waiting to back into the street. Plaintiff's car struck the right rear side of his parked automobile. The force of the collision caused his body to lunge forward and his hand hit the push-button shift, knocking it into reverse. His car backed into the moving van and the plaintiff automobile started off again and this time hit his front fender.
In this court defendant makes only one contention: Plaintiffs have failed to carry their burden of proving their case by a preponderance of the evidence because the testimony of the only two witnesses, both of whom are parties litigant, is completely irreconcilable, citing Schultz v. Wray Ford, Inc., La.App., 198 So.2d 554. The contention is untenable.
Witnesses are weighed and not counted. A fundamental function of the trier of fact, be it judge or jury, is to determine the facts and this is not done by counting noses. To hold otherwise would result in a defendant in any civil action being able to defeat the plaintiff's claim solely by producing witnesses, equal in number to those produced by the plaintiff and regardless of their credibility, who would give factual testimony contradictory to that given by the plaintiff witnesses.
In the instant case the trial judge simply accepted the testimony of the plaintiff driver as true and rejected the testimony of the defendant driver. No rule is more firmly established in our jurisprudence than that, in the absence of manifest error, the trial judge or jury will not be reversed on questions of fact dependent upon the credibility of witnesses who appeared before him or it. Here we find no error at all.
The cited case, Schultz v. Wray Ford, Inc., supra, does not hold to the contrary. There the only testimony as to how the accident happened was given by the two opposing drivers who were parties litigant. But the trial court held the plaintiff had failed to prove his case by a preponderance of the evidence and for that reason dismissed the suit. On the appeal taken by the plaintiff from that judgment of dismissal the appellate court simply held it could find no error in the judgment. In view of the fact that the trial judge had concluded neither of the two witnesses could be believed over the other, a function particularly within his province, the appellate court properly made no attempt to arrive at any other conclusion, thus following the manifest error rule referred to in the preceding paragraph.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.