235 So.2d 434 (1970)
James W. HUTCHINS, Plaintiff-Appellee,
v.
London WESTLEY et al., Defendants-Appellants.
No. 3076.
Court of Appeal of Louisiana, Third Circuit.
May 14, 1970.
Holt & Woodley, by Meredith T. Holt, Lake Charles, for defendants-appellants.
John W. Hebert, Jennings, for plaintiff-appellee.
Before TATE, FRUGÉ and SAVOY, J.
FRUGÉ, Judge.
This is a wrongful death and personal injury action arising as a result of a hit and run accident on Interstate 10 five miles west of Jennings, Louisiana, on the morning of December 10, 1967. The trial court awarded plaintiff $25,000.00 for the wrongful death of his wife, $2,000.00 for his pain and suffering while viewing his wife's death, $1,636.00 for special damages, and $500.00 for personal injuries. The defendants appealed the trial court's judgment and the plaintiff answered the appeal, requesting that the award for the wrongful death of his wife be increased to $50,000.00.
On the night of December 9, 1967, plaintiff and his wife Sandra left their home in Port Arthur, Texas, for Weston, Mississippi. *435 While traveling east on Interstate 10 near Jennings, Louisiana, the 1966 Oldsmobile in which they were traveling stalled. The car was placed on the emergency parking lane, which was on the south side of the eastbound portion of Interstate 10. Plaintiff set out flares and warning lights by the automobile. He and his wife then walked westward to the home of Gerald Moore, which they had just passed. They aroused the Moores and explained that they had car trouble, that the plaintiff was a city policeman in Port Arthur, Texas, and that they wished to obtain assistance with their disabled automobile. The Moores declined to admit the Hutchins, but did agree to call a wrecker service or the police.
The Hutchins decided to return to their automobile and while doing so were walking arm in arm in an easterly direction on the south side of the highway. Mrs. Hutchins was walking on the south edge of the emergency lane, and her husband was walking partially on the asphalt and partially on the grass. It was about 1:15 in the morning. Mr. Hutchins noticed a vehicle approaching them from the rear, approximately one-fourth to one-half mile away. He paid no particular attention to the vehicle again until he heard it immediately behind him. He turned and realized that the vehicle was about to strike them. He tried to pull his wife from the path of the vehicle, but was unable to do so. The vehicle struck his wife solidly, causing multiple injuries, of which she died almost instantly. The plaintiff suffered an injury to the little finger of his left hand.
In the brief instant before the vehicle struck, the plaintiff noticed that it was a dark-colored pickup truck with a high light-colored homemade bumper made of pipe or similar material. He also noticed that it had one burning overhead cab light, which was on the left side. The plaintiff gave this description to the investigating officers, who relayed the information to law enforcement officials throughout the area and asked them to be on the lookout for such a vehicle.
At approximately 4:35 that morning, Trooper Clement Richard and Sergeant Andrew LeBlanc of the State Police force were told to investigate an accident on a service road paralleling Interstate 10 about two miles west of Crowley. They found a black Ford pickup truck with a light-colored homemade bumper made of pipe, which had skidded off the service road parallel to Interstate 10 and had come to rest on a sign which elevated the back wheels of the truck off the ground. The truck had overhead cab lights, and Trooper Richard switched them on. Only the left one was working. No one was in or near the truck when the officers arrived. A short time later London Westley and Northern McKinley approached the scene of the accident. Westley identified himself as the driver of the truck, and McKinley as a passenger.
The primary issue in this case is whether or not the plaintiff adequately proved that the vehicle driven by the defendant was the one which struck the plaintiff and his wife.
In the absence of a presumption such as that applying to bailees and common carriers, the plaintiff in a tort suit must prove by a preponderance of the evidence that the defendant caused the injury complained of.
"By a preponderance of evidence is meant, simply, evidence which is of greater weight, or more convincing, than that which is offered in opposition to it; that is, evidence which as a whole shows that the fact or causation sought to be proved is more probable than not. Town of Slidell v. Temple, 246 La. 137, 164 So.2d 276; Naquin v. Marquette Casualty Company, 244 La. 569, 153 So.2d 395; Perkins v. Texas & New Orleans Railroad Company, 243 La. 829, 147 So.2d 646. This proof may be made not only by direct evidence, but also by circumstantial evidence which *436 excludes other reasonable hypotheses `with a fair amount of certainty'." Gassiott v. Gordey, 182 So.2d 170, 175 (La.App. 3d Cir. 1966).
It was conclusively shown at the trial that the plaintiff described the vehicle which struck him and his wife as a dark-colored pickup truck with a large homemade bumper made of pipe or a similar material and light in color, and with a yellow overhead cab light burning on the left side. All of these points coincided with the description of the truck driven by the defendant. The only discrepancy in the plaintiff's description of the hit-and-run vehicle was the location of the license plate on the back of the vehicle. The plaintiff thought it was to the left because he saw what he assumed to be lights designed to illuminate the license plate on the left rear of the vehicle.
A signed statement by Westley given to the investigating officers on the morning of the accident showed that the defendant had left Galveston, Texas, for Houma, Louisiana, around 9:00 P.M. on the night of December 9, 1967. This placed him in the area where the accident occurred at the time it occurred. In the statement, defendant also admitted hitting "something on the highway" which "sounded like a barricade or a sign" about "one hour before I got to Crowley." The defendant attempted to convince the trial court that he was incorrect about these facts when he gave the statement, but he was unsuccessful in doing so.
The defendant's testimony reflected that he had left Houma, Louisiana, around 8:00 A.M. on the day before the accident, with a load of materials to deliver at various stops between Houma and Galveston, Texas. He had completed this assignment and was returning to Houma, Louisiana. At the time of the accident he had been driving and working for almost 20 hours without any sleep or rest periods except for food. This, plus the fact that he had attended a party the night before he left Houma, increases the possibility that he was tired and sleepy at the time of the accident.
Also, the defendant plead guilty to a reckless driving charge in connection with a hit-and-run accident in Jefferson Davis Parish. Ordinarily, a criminal conviction is inadmissible in a civil suit, but a plea of guilty provides an exception since it is an admission against interest. Davis v. Bankston, 192 So.2d 614 (La.App. 3d Cir. 1966). However, it is not conclusive and may be explained by the party it is used against, which the defendant did in the instant case.
Testimony of Ray Heard of the State Crime Laboratory was inconclusive as to whether or not the victim was struck by the pickup truck driven by the defendant. An insufficient amount of paint was impressed in the clothing of the victim to enable Mr. Heard to make a determination one way or the other. At most, this indicated that the victim was struck by a bumper or protective device with little or no paint on it, rather than the body of the vehicle, which ordinarily has multiple layers of paint.
Considering all of the facts established by the plaintiff, we feel that it was more probable than not that the truck driven by the defendant London Westley was the one which struck the plaintiff and his wife. It is highly unlikely that another dark-colored pickup truck, with a light-colored homemade bumper made of pipe or similar material, with overhead cab lights with only the left one burning, was in the area of the accident at the time of the accident, as was the truck driven by the defendant. These coincidences, in conjunction with the defendant's statement that he had struck an object fairly close to the area of the accident, are sufficient to prove the plaintiff's case.
The remaining question in this case is whether or not the trial court's award of $25,000.00 for the wrongful death *437 of plaintiff's wife was excessive or inadequate. It is well settled that the trial court's award will not be disturbed unless it clearly abuses its discretion. Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967); Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963). There is nothing to indicate that the trial court did so in the instant case.
Therefore, for the foregoing reasons, the judgment of the trial court is affirmed at the defendants-appellants' cost.
Affirmed.