BARNETTE, Judge.
Plaintiff, L. Gene Free, filed suit against defendants, Travelers Insurance Company *476 and its insured, James M. Newman, seeking recovery for property damage and personal injuries sustained as the result of a two-car collision that occurred at the intersection of Burmaster and Hancock Streets in Gretna, Louisiana, during the late night hours of December 12, 1965. From a judgment dismissing his suit, plaintiff had appealed.
In their pleadings, both parties charge the other with various acts of negligence as the cause of the accident, but the primary issue before this court is which automobile entered the intersection on the green-light. The plaintiff’s alleged contributory negligence is a secondary issue.
Hancock Street is a four-laned boulevard running in a generally north-south direction with two lanes of travel on each side of the boulevard. The two sides of the street are separated by a ditch in the middle. Contrary to most boulevards, traffic on both sides of the thoroughfare is two-way. Also, one side of the boulevard is paved and the other is graveled. Bur-master Street runs in a generally east-west direction. It too is a four-laned boulevard separated by a median with two lanes for one-way traffic on each side of the boulevard. The flow of traffic at the intersection is controlled by two traffic semaphores hanging above the paved side of Hancock Street (one located over each roadway of Burmaster Street). The plaintiff was operating his automobile in a northerly direction on the paved side of Hancock Street. Therefore, as far as the issues in this suit are concerned, we will treat the intersection as a conventional one controlled by a traffic light hanging overhead. It would serve no useful purpose to make reference to the sides of either street which were not being used and have no bearing on the facts and issues involved.
Plaintiff testified that when he was approximately one block away from the intersection he noticed the signal light turn green for traffic proceeding in his direction and that the light continued green favoring his street until he entered the intersection. On the other hand the defendant testified that when he-turned onto Bur-master Street from Franklin (about a block from the intersection of Hancock Street) the light was green for traffic on Burmaster. A passenger in defendant’s car, Morris Schoenberger, corroborated the defendant Newman that the light for traffic on Burmaster Street was green when they entered Burmaster Street. He did not observe it again and had no knowledge how long it remained green or if it still favored Burmaster Street when Newman approached and entered the intersection; therefore, his testimony is of little value on the primary question, namely, which of the two drivers had the favorable light as they entered the intersection almost simultaneously. Schoenberger’s testimony that Free had a green light a block away is inconsistent with Newman’s claim that he, Newman, had a green light a block away.
The only other witness to testify on the issue of fault was John Fourcade, Jr., a Jefferson Parish police officer called upon plaintiff’s request to come to the scene and make an investigation. He was there shortly after the accident and made a routine investigation. On trial of the case three years (almost to the day) from the accident he confessed that he had no independent recollection whatever and was wholly dependent on his notes and diagram made at the time. His report filed in evidence, and which he testified was made from information given to him at the time by the parties to the accident, contains the following:
“Veh. 1 [plaintiff] was heading north on Hancock St., and had the green light— Veh. 2 [defendant] was heading east on Burmaster St., and the light changed fast and Veh. 2 ran the red light, and pulled in front of Veh. 1.”
The trial judge’s appraisal of Officer Fourcade’s testimony was as follows:
“At the outset, the notation of the officer is not a statement but his opinion *477 or conclusion based upon his appreciation and understanding of what was said to him and which he assumes was made by the defendant. His report does not contain any verbatim statements of either party, nor does it indicate the source of his information. It therefore must be concluded that his testimony is of no probative value in resolving this issue.”
Since the testimony of the plaintiff and the defendant was contradictory and irreconcilable, the trial judge, giving no probative value to Officer Fourcade’s testimony, concluded that the plaintiff had failed to carry the burden of proof by a preponderance of the evidence necessary to establish defendant’s negligence. He then went on to add, which he conceded in view of his first conclusion to be “somewhat moot,” that the plea of contributory negligence of plaintiff “appears to be well founded”; and further expressed serious doubt that the injuries of which plaintiff complained were the result of thé accident in question.
We do not agree that the testimony of Officer Fourcade is entirely without probative value, but we do not find it to be of sufficient positive import to support a finding of manifest error on the part of the trial judge that the plaintiff failed to discharge the burden of proof by a preponderance of the evidence. He apparently found the two principal witnesses, Free and Newman, to be of equal credibility. There is nothing in their testimony from which we can support a reversal of his opinion that their testimony is of equal credence and weight and we must conclude, as he did, that there was not a preponderance in plaintiff’s favor. United States Fidelity and Guaranty Co. v. Fiffie, 211 So.2d 690 (La.App. 4th Cir. 1968); Reagan v. Mid-Continent Underwriters, Inc., 150 So.2d 75 (La.App. 4th Cir. 1963).
The accident happened near midnight. The weather was foggy and misty. Approaching the intersection there was a building on the corner to Newman’s right and to Free’s left, but we are not convinced that it was an obstruction to the view to any significant extent. There is no preponderant evidence that either motorist was traveling at an excessive speed, though plaintiff does so charge the defendant. The Free car struck the Newman car on its right side near the rear fender and Newman continued about 70 feet before stopping partly on the median on Burmas-ter. Plaintiff’s car was stopped at the point of impact. Both cars were extensively damaged. From these physical facts we cannot estimate the relative speed of the two vehicles.
It is of course obvious that there would have been no collision if one or both motorists had not driven into the intersection negligently. From the facts proven we must agree that the plaintiff has failed to make out a case for the recovery of damages. We do not therefore reach the question of contributory negligence.
For these reasons the judgment appealed is affirmed at appellants’ costs.
Affirmed.