CHASEZ, Judge.
This suit involves an automobile accident which occurred on Airline Highway in Jefferson Parish on January 28, 1968, at approximately 6:15 P.M. between a 1966 Chevy II automobile driven by John Neal Smith and a Service Cab driven by Norman Prewitt. The original suit was filed by R. Neal Smith, individually and as administrator of the estate of his minor son, John Neal Smith.
Norman Prewitt, the driver of defendant’s cab answered and reconvened against Smith and Smith’s insurer for personal injuries suffered by him.
From a judgment in favor of R. Neal Smith as plaintiff and defendant in recon-vention the defendants have taken this appeal.
The issue is one purely of fact and the testimony adduced in behalf of the respective claimants in contradictory and irreconcilable in many aspects.
The accident occurred when Prewitt left a car wash on the north side of the Airline Highway. He attempted to turn onto the highway in an easterly direction toward New Orleans. However, after crossing the two west bound lanes he was required to stop in the neutral ground to await the clearance of east bound traffic. While he was stopped in the two to three foot wide neutral ground his car blocked the inside west bound lane of traffic.
John N. Smith was driving the family automobile in a westerly direction in the outside line and was following a bus. Shortly after passing through the Elise Avenue intersection, about 200 feet from the point of impact, Smith moved his car from the outside lane to the inside or neutral ground lane but remained somewhat behind the bus, i. e. not alongside of the bus. He executed this maneuver not to pass the bus, but for the purpose of making a left turn further along Airline Highway.
Smith testified that as he moved along Airline Highway in the inside lane he observed the Prewitt cab emerge from in front of the bus and come to a stop blocking his lane and despite his every effort to avoid the collision he was unable to do so.
Prewitt testified that before he crossed the two lanes of outbound travel he made *771 sure that nothing was coming and was stopped in the neutral ground before being struck by the Smith vehicle.
Two witnesses were called on behalf of Prewitt but their testimony did not impress the trial judge. The trial judge shows what the witnesses testified to and why he was not impressed in the following excerpt from his written reasons:
“Eli Stewart testified in substance that he was walking to the grocery and became involved in observing the movements of the defendant’s vehicle for a period in excess of a minute and a half. He stated his attention was first attracted by the misfiring of the motor in defendant’s car which momentarily corrected itself and he had no further interest in the matter. Yet he continued to observe so intently all surrounding circumstances, including the movement of plaintiff’s car from the Elise Avenue intersection, which he erroneously estimated as being 900 feet (approximately 200 feet) to the point of impact, that he had no reluctance in estimating its speed as being excessive and the pattern of its movement. The Court finds Mr. Stewart’s action somewhat unusual for a disinterested witness, particularly since he had no reason to anticipate the occurrence of the collision.
“Neither was the Court favorably impressed by the testimony of Lewis Gir-ard and seriously questions his ability to precisely locate the relative positions of the bus and plaintiff’s car, since admittedly the bus obstructed his view of the accident. His action in leaving the defendant, a fellow cab driver, at the scene ‘to pick up a fare’ indeed seems most callous.
“Finally, both of the defendant’s witnesses testified that they actively interested themselves in the accident by rendering assistance to the drivers, yet neither was aware of the presence of the other.”
Although numerically there were more witnesses testifying on behalf of the defendant, it is the weight of their testimony rather than the number that determines preponderance of evidence. Credibility prevails over numerical superiority in ascertaining if the burden of proof has been satisfactorily borne by a litigant. United States Fidelity and Guaranty Co. v. Fiffie, La.App., 211 So.2d 690 (4th Cir. 1968); Peyton v. Wade, La.App., 181 So.2d 878 (4th Cir. 1966).
The trial court, after evaluating the testimony of the witnesses, was convinced that the testimony of the driver of plaintiff’s automobile more accurately reflected the circumstances and events attendant upon the occurrence of the accident.
The physical facts show that plaintiff left 84 feet of skid marks which corroborates his statement that he first saw defendant’s vehicle from a distance of approximately 125 to 150 feet. There was also testimony that the bus swerved onto the shoulder of the road and blinked its lights, evidently in an effort to warn plaintiff of the presence of the cab and to give him room to pass to the rear of the cab. These facts tend to corroborate plaintiff’s version of the accident.
We conclude that the trial judge committed no manifest error in determining this factual issue in the manner that he did and this court will not reverse a finding of fact, especially with reference to credibility of witnesses and evaluation of testimony, in the absence of manifest error.
We find that the plaintiff did successfully bear the burden of proving that the Prewitt taxi cab suddenly emerged from in front of the bus into the path of plaintiff’s car, creating a situation of peril from which plaintiff could not extricate himself, nor did he have a reasonable opportunity to take the necessary evasive action to avoid the collision. The accident was caused solely through the negligence of the defendant Prewitt in that he attempted to *772 traverse the west bound traffic lanes of the Airline Highway without sufficient time to execute this maneuver and interfered with the traffic lawfully proceeding on the highway. His failure to yield the right of way to traffic proceeding on the superior and favored highway violates LSA-R.S. 32:124 and is negligence per se. Since his negligence is also the proximate cause of the accident he is liable for all damages occasioned by his negligent conduct. See Bell v. State Farm Mut. Auto. Ins. Co., La.App., 216 So.2d 872 (2nd Cir. 1968); O’Stean v. Safeco Insurance Company of America, La.App., 192 So.2d 620 (2nd Cir. 1966); Chase v. Burley, La.App., 76 So.2d 587 (2nd Cir. 1954).
There is no evidence which supports a finding that plaintiff was exceeding the speed limit, failed to keep a proper lookout or was guilty of any negligence contributing to the occurrence of the accident or that he had the last clear chance to avoid the accident.
Damages to plaintiff’s automobile were stipulated to be $980.59. No damages for personal injuries were awarded to plaintiff on behalf of his son and no appeal was taken from this aspect of the judgment.
For the assigned reasons the judgment of the lower court in favor of plaintiff, R. Neal Smith against the defendants, Norman Prewitt, Service Cab Company, Inc., NOLA Bonding Company and NOLA Cabs, Inc., jointly and in solido, in the sum of Nine Hundred Eighty and 59/100 ($980.59) dollars, with legal interest from date of judicial demand and for all costs, is affirmed.
It is further ordered, adjudged and decreed that the judgment in favor of defendant in reconvention, R. Neal Smith, against plaintiff in reconvention, Norman Prewitt, rejecting the reconventional demand is affirmed.
Affirmed.