BOUTALL, Judge.
This is an appeal by plaintiff from an adverse judgment dismissing his claim for damages as a result of an automobile collision. We affirm.
On October 30, 1972 at approximately 5:00 o’clock A.M. or 10 to IS minutes thereafter, plaintiff-appellant, Donald Braud, was operating his vehicle on the New Sarpy Road, which runs from the Mississippi River Road to the Airline Highway, U.S. 61. At the same time, defendant-appellee, William J. Carmouche, was traveling in an opposite direction of the road. The two vehicles collided, resulting in damage on the far left front of each vehicle, down along the left side. At the point of collision, the road is blacktopped for a width of 20 feet, has no delineated center line, and has five foot shoulders composed of shells, with ditches on each side.
The roadway was unlighted in this area and runs through wooded swamp.
It is Braud’s testimony that as he drove along the highway around dawn, with his lights on, he noticed another vehicle approaching him, and that when they neared, the other vehicle, driven by Carmouche, suddenly veered over into his lane with the resultant collision. He attempted to avoid by pulling as far to the right as possible, but to no avail. Opposed to this, Car-mouche testifies that as he was proceeding along the roadway it was rather dark and unlighted when suddenly he was confronted with an unlighted vehicle driving partly in his lane of travel, that he attempted to jam on the brakes as soon as he saw the vehicle, but collided with it. The issue thus becomes obvious, that is, the credibility to be assigned to these conflicting drivers. The trial judge has assisted us with a careful evaluation of the facts, and has found that plaintiff failed to carry his burden of proof.
Besides the two drivers in this case, there were no eye witnesses, but there were three witnesses who came- upon the scene after the collision. Two of them were police officers who investigated the accident, and the other was plaintiff’s father-in-law.
The effect of each of these three witnesses was to testify favorably for plaintiff. However, the testimony of each is in conflict with the testimony of the others, including plaintiff, and indeed the testimony of each was conflicting by itself, and considerably discredited by adroit cross-examination.
The court found that the evidence offered showed only a possibility of what might have happened with mere speculation or surmise, and that the facts adduced on the witness stand were not sufficient to carry plaintiff’s burden of proof. The trial judge relied upon the following principle stated in Thibodeaux v. St. Joseph Hospital, 276 So.2d 703, at 707 (La.App. 1st Cir. 1973):
“[3] It is well settled that each plaintiff bears the burden of proving each and every element of his case to a legal certainty and by a fair preponderance of evidence. Proof which establishes only possibility, speculation or unsupported probability does not suffice to establish a plaintiff’s claim. Carles v. Hartford Accident and Indemnity Company, La.App., 184 So.2d 261.”
To this we add the following, 276 So.2d 706:
“[1] We think this matter falls within the ambit of United States Fidelity and Guaranty Company v. Fiffie, La. App., 211 So.2d 690, which holds that witnesses are weighed, not counted, and although there are an equal number on each side, the prime function of the trier of fact is to determine the fact which is not accomplished simply by counting noses. See Fiffie, above, and cases therein cited.”
The general rule is that in those cases where credibility of the witnesses is *776 an issue, the trier of fact is given much discretion in his determination of fact, because he is in the best position to observe the witnesses, etc., and his findings shall not be disturbed unless he commits manifest error and abuses that discretion. Our examination of this case convinces us that the trial judge made a credibility evaluation of the witnesses and concluded that the facts essential to plaintiff’s case were not proven. We cannot say that he is manifestly erroneous.
Appellant cites as error the fact that the trial judge noted in his reasons for judgment that one of the police officers issued a citation to Braud for operating without headlights (R.S. 32:301) but later voided same. He contends that under the rationale of the case of Hutchins v. Westley, 235 So.2d 434 (La.App. 3rd Cir. 1970) the citation should not have been admitted into evidence oyer his objections. We agree as a general proposition that a citation is not proper evidence, but we can find no error in this case. This particular citation came into the evidence in the following fashion. Defendant’s attorney on cross-examination of Deputy Smith, asked Smith if he had issued Braud a citation, and Smith answered that he had but that the citation was for expired brake tag or something of that nature, but had nothing to do with driving without headlights. (See Transcript P. 70) After plaintiffs counsel began redirect examination of Deputy Smith, he produced from his file a copy of the citation and showed it to Smith examining him in detail. (Transcript P. 79) After exhaustive examination on the transcript, the court chided counsel concerning his examination stating the following:
Tr. P. 85.
“THE COURT:
“This is something I want to point out, I don’t know why you put so much import on this ticket. In Louisiana, in the whole nation, everybody is innocent until proven guilty. Maybe you can ask the question if a ticket was given. It carries no weight whatsoever. I don’t know why we’re worried about it.
i[i íjí jjc s|c
“We’re just wasting time about the ticket. He could have given a hundred tickets and proved nothing.”
During the course of this examination, it appeared that the ticket in question had not been issued by Deputy Smith but had been issued by Deputy Kimball. When Deputy Kimball testified (Tr. P. 93) plaintiff’s attorney entered into exhaustive examination of Deputy Kimball as to the reasons for issuing the ticket and for voiding it. Thus as we view the situation, all of the evidence concerning the issuance of the citation for operating without lights was brought forward by counsel for plaintiff, who now complains of its existence. It is apparent, in any event, that the trial judge simply remarked about the issuance and voiding of the ticket while summarizing the testimony of the officers in his reasons for judgment, and gave it no evi-dentiary weight. We see no reversible error in his rulings.
For the reasons above assigned, the judgment appealed from is affirmed. Appellant to pay all costs of these proceedings.
Affirmed.