DOUCET, Judge.
In this workmen’s compensation case the defendant contests the sufficiency of evidence of causation and the trial court’s finding that the worker was disabled as a result of substantial pain. We affirm.
The plaintiff alleges that she injured her back on or about August 24, 1981 while performing her duties as a secretary for the Arts & Humanities Council. Defendants-appellants, the Avoyelles Parish Police Jury and its insurer, The Northwest Insurance Company, appeal this judgment awarding workmen’s compensation benefits to the plaintiff-appellee, Shirley Beauclair, for total and permanent disability.
At trial it was stipulated by the parties that the Northwest Insurance Company was the workmen’s compensation insurer of the Avoyelles Parish Police Jury, the latter of which hired Mrs. Beauclair as a secretary through the Comprehensive Employment Training Act (CETA). It was also stipulated that if workmen’s compensation benefits were due to plaintiff, the correct rate would be $89.33 per week.
The deposition testimony of Dr. Richard Michel, Dr. John T. Weiss and Dr. Bruce Raza was introduced into evidence. Witnesses testifying at trial were the plaintiff, Dr. Edmond Kalifey, Sherwin Juneau, Secretary-Treasurer of the Avoyelles Parish Police Jury, Mrs. Louise Schneider, President of the Arts & Humanities Program and Mrs. Linda Bordelon, Executive-Director of the Arts & Humanities Program.
The trial judge assigned reasons as follows for his decision:
“... The plaintiff, Shirley Beauclair was an employee, in good health, of defendant, Avoyelles Parish Police Jury, which was insured by defendant, Northwest Insurance Company for workmen’s compensation coverage. She was assigned to duty with the Arts and Humanities Council where she performed secretarial duties along with occasional lifting and office-related manual labor. On or about August 24, 1981 plaintiff was injured when moving furniture and equipment in the Hypolite Bordelon house in Marksville, La. This was an on the job accidental injury. Plaintiff’s workmen’s compensation rate was stipulated to be $89.33 per week. No weekly benefits have been paid by the employer or the insurer nor has payment been made for plaintiff’s 484 miles of medical travel expenses ($121.00).
The accident was duly reported to her employer who filed routine accident reports with the defendant carrier. It should be noted that the employer paid weekly salary benefits in lieu of workmen’s compensation payments until September 19, 1981.
The preponderance of the evidence shows that plaintiff has a disabling and painful back problem. After going to Dr. Edmond Kalifey and Dr. John Weiss for treatment, plaintiff was still suffering. Plaintiff then went to Dr. Bruce Razza an orthopedic specializing in spinal disorders who examined plaintiff on July 20, 1982. The evidence indicated that the accident caused injury to a disc at the lumbar level. This injury *348 began a post-traumatic degeneration of the back resulting in pain and disability. Plaintiff is scheduled for medical re-examination at which time hospitalization and possible surgery for treatment of her disc injury will be considered.
Mrs. Shirley Beauclair is clearly disabled from doing even light secretarial work and will be so disabled for an indeterminate period of time. Furthermore, plaintiff had been disabled by injury and resulting pain for the past eleven months. Clearly, plaintiff suffered an on the job accidental injury from which disability resulted and which disability has continued to this day without any intervening cause. The evidence shows a causal relationship between the plaintiff’s accident and her resulting disability; she was in good health before the accident; shortly after the accident symptoms of disability began to appear and thereafter continuously manifested themselves. Plaintiff has suffered total and permanent disability resulting from an actual on the job accident.
Therefore plaintiff, Shirely [sic] Beau-clair, is awarded judgment, in solido, against Northwest Insurance Company and the Avoyelles Parish Police Jury declaring plaintiff to be totally and permanently disabled and . awarded plaintiff $89.33 per week beginning August 21,1981 and continuing during the period of her disability with legal interest on each payment from due date until paid with credit for each week salary or compensation was paid together with all medical and incidental expenses including travel up to the statutory limit with legal interest thereon from date of judicial demand until paid and for all costs herein.
* * * * * *
Penalties and attorney fees are denied because defendant, Northwest Insurance Company, was not shown to be arbitrary or capricious in handling this matter.”
Appellants assign as error the following rulings of the trial court: (1) The trial court erred in concluding that the plaintiff’s condition was caused by or resulted from an alleged injury during the course and scope of the plaintiff’s employment. (2) There was insufficient evidence presented at trial to uphold the trial court’s conclusions that the plaintiff could not return to her former employment as a secretary because of substantial pain. The denial of attorney’s fees and penalties is not before us.
Concerning proof of causation, the standard for determining same was set forth in Guillory v. U.S. Fidelity & Guaranty Ins. Co., 420 So.2d 119 (La.1982) as follows:
“Clearly a worker’s pre-existing condition does not bar his recovery under the Louisiana Workers’ Compensation statute. Guidry v. Serigny, 378 So.2d 938 (La.1979); Roussel v. Colonial Sugars Company, 318 So.2d 37 (La.1975). An employer takes the worker as he finds him. An abnormally susceptible worker is entitled to no less protection under the compensation statute than a healthy worker. Allor v. Belden Corp., 393 So.2d 1233 (La. 1981) and cases cited therein at 1236. Furthermore it is immaterial that the diseased or weakened condition eventually might have produced death or disability outside the employment situation. See generally: Malone & Johnson, Worker’s Compensation § 232, 13 La.Civ.Law Treatise, 482.
******

“Where there is proof of an accident and of the following disability without any intervening cause it is presumed that the accident caused the disability. It is not necessary to determine the exact cause of the disability. Allor, supra. The criterion for causal connection between the accident and the disability is: ‘has the accident changed the plaintiff’s condition so as to render him disabled and unfit for his former employment.’ Bertrand [v. Coal Operators Casualty Company], supra [253 La. 1115] 221 So.2d [816] at 827.

“The presumption referred to in number three above is rebuttable. Its effect is to shift the burden of proof to the defendant. The defendant bears the burden of coming forward with enough con
*349
trary evidence to rebut the presumption. Allor, supra; Haughton v. Fireman’s Fund American Ins. Co., 355 So.2d 927 (La.1978).”

******
Similarly, in Hammond v. Fidelity and Casualty Co. of New York, 419 So.2d 829 (La.1982) the Louisiana Supreme Court stated:
“The plaintiff-employee in a workmen’s compensation case bears the burden of establishing the causal connection between the disability and the employment accident by a reasonable preponderance of the evidence. Prim v. City of Shreveport, 297 So.2d 421, 422 (La.1974). Nevertheless, it is not necessary for the experts to determine the exact cause of the disability in order for the employee to recover. The complaint need show only by a preponderance of the evidence that the work accident caused the disability. Allor v. Beldon Corp., 393 So.2d 1233, 1236 (La.1981); Lucas v. Insurance Company of North America, 342 So.2d 591, 595 (La.1977)....
A plaintiff-employee’s disability will be presumed to have resulted from an employment accident if before the accident the plaintiff-employee was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves, provided that the evidence shows that there is a reasonable possibility of causal connection between the accident and the disabling condition. Allor v. Belden Corp., supra at 1236; Lindsey v. H.A. Lott, Inc., 387 So.2d 1091, 1092 (La.1980); Lucas v. Insurance Company of North America, supra at 596; Bertrand v. Coal Operators Casualty Co., 253 La. 1115, 1146, 221 So.2d 816, 827-28 (1969)....
******
The fact that a condition is preexisting does not preclude recovery for the disabled employee; the employer takes the employee as he is, and the fact that the disease alone might have disabled the employee in its ordinary course of progress is not the inquiry. The employee’s disability is compen-sable if a preexisting disease or condition is activated or precipitated into disabling manifestations as a result of a work accident. Allor v. Beldon Corp., supra at 1236; Johnson v. The Travelers Insurance Co., 284 So.2d 888, 891 (La.1973); Behan v. John B. Honor Co., 143 La. 348, 351, 78 So. 589, 590 (1917).
* * *»
See also, Hughes v. Webster Parish, 414 So.2d 1353 (La.App. 2nd Cir.1982).
The record establishes that the plaintiff was in good health prior to the accident and her complications developed thereafter and continue to manifest themselves. The plaintiff promptly reported her injury on the day of the accident, August 24, 1981, and was examined by Dr. Edmund J. Kali-féy the same day. One week later she was diagnosed as having an acute back strain. Although cortisone shots and heavy medication enabled her to work temporarily following the accident, her condition subsequently worsened and precluded her continued employment. She returned to Dr. Kali-fey on October 22,1981 whereat reversal of the lordotic curve was discovered. He continued treatment until March 3, 1982 when she was referred to Dr. John T. Weiss. Plaintiff was also seen by Dr. Richard Michel in February of 1982. Dr. Weiss, on March 26,1982, reported “myositus or possible early arthritis” and possible “mechanical lumbosacral complaints with spondyolysis.” A brace restricting her spinal motion 75%-80% was prescribed as were muscle relaxants and pain pills. Dr. Weiss treated plaintiff again on April 1, 1982, April 15, 1982, and June 3, 1982. He diagnosed a “degenerative arthritic change or traumatic arthritic change.” In July of 1982 Dr. Weiss felt unable to offer plaintiff additional help and discharged her to her local physician. Mrs. Beauclair sought a second opinion from Dr. Bruce Razza, an orthopedic specializing in spinal disorders, on July 20, 1982, and she remains under his care. Dr. Razza’s testimony indicated that the accident caused an injury to a disc at the lumbar level. At the time of trial plaintiff was scheduled for re-examination at which *350 time hospitalization was to be considered, including myelography, EMGs, discography and surgery. Dr. Razza testified that plaintiff was disabled from secretarial work and would be for an indeterminate period of time.
Appellant contests the finder of facts’ assessment of the credibility of witnesses, particularly medical experts. In Comeaux v. Cameron Offshore Services, Inc., 420 So.2d 1209 (La.App. 3rd Cir.1982) we observed: “[T]he number of witnesses is not a decisive factor as witnesses are weighed, not counted. Peyton v. Wade, 181 So.2d 878 (La.App. 4th Cir.1966). The fundamental function of the trier of facts is to determine the facts and this is not done by counting noses. U.S. Fidelity & Guaranty Co. v. Fiffie, 211 So.2d 690 (La.App. 4th Cir.1968). Furthermore, positive finds of medical experts are to be afforded greater weight than the negative findings as to the existence or not of a particular condition. Smith v. Highland Ins. Co., 222 So.2d 540 (La.App. 4th Cir.1969)....
Moreover, expert testimony is not controlling inasmuch as courts cannot abdicate their decision-making responsibilities in favor of the medical profession but must consider all factors present in a case. Broussard v. Broussard, 320 So.2d 236 (La.App. 3rd Cir.1975). The ultimate determination concerning disability is by the courts, not the medical profession. Guillory v. United States Fidelity and Guaranty Ins. Co., supra. Hence the trial judge may accord greater weight to the testimony of a lay witness than that of expert witnesses.”
Applying the aforegoing principles to the facts in this case we cannot conclude that the trial judge was clearly wrong in his assessment of the witnesses’ testimony or his factual findings as to causation. Any pre-existing condition plaintiff may have had would not preclude her recovery. Plaintiff proved an accident and following disability without any intervening cause and the medical testimony of at least one physician supports her claim of causation.
With regard to the employer’s contention that the worker was not suffering from substantial pain precluding her return to employment, we note: “A worker who cannot return to any gainful employment without suffering substantial pain is entitled to compensation benefits for total disability. Lattin v. HICA Corporation, 395 So.2d 690 (La.1981); Wilson v. Ebasco Services, Inc., 393 So.2d 1248 (La.1981); Dusang v. Henry C. Beck Builders, Inc., 389 So.2d 367 (La.1980); Whitaker v. Church's Fried Chicken, Inc., 387 So.2d 1093 (La.1980).” Augustine v. Courtney Construction Co., 405 So.2d 579 (La.App. 3rd Cir.1981). The testimony of Dr. Razza and the plaintiff supports the trial judge’s finding that ap-pellee is suffering from substantial pain entitling her to benefits. For reasons aforementioned, the trial judge did not err in this matter of witness assessment.
For the reasons assigned hereinabove, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.