AYRES, Judge.
This is an action in tort wherein plaintiffs, husband and wife, seek to recover damages for personal injuries sustained by each of them, as well as property damage to their automobile, and for reimbursement of medical expenses incurred in the treatment of their injuries. Made defendants were Pamela J. Stevens, driver of the other vehicle involved in the accident, her father, and his insurer. From a judgment rejecting plaintiffs’ demands, they appealed.
Plaintiffs’ and defendants’ opposing theories relative to the occurrence of the accident are irreconcilable. Plaintiffs contend that their Pontiac was struck from the rear by defendant’s Rambler as both cars were proceeding westerly on the Shreveport-Barksdale Highway. Defendants’ position is that plaintiff John W. Bell, Jr., entered the highway from an exit at a restaurant known as the Bonanza Steak House immediately in front of defendant Stevens’ vehicle at a time when it was too close for defendant’s driver to avoid a collision.
The Shreveport-Barksdale Highway, a divided 4-lane principal thoroughfare with two lanes for travel in each direction, and divided by a median, runs in a generally east and west course. A service road parallels the highway, on the north side, for a distance of approximately 410 feet, running westward from the Camilla Street intersection to the entrance generally used by patrons of the Bonanza Steak House. An exit 52 feet in width, from the restaurant to the highway, begins approximately 320 feet farther west, or approximately 730 feet west of the street intersection.
The accident occurred on the night of April 14, 1966, about 9:30 p. m., in the north or right-hand westbound traffic lane, a short distance, described as slightly exceeding a car’s length, west of the exit from the restaurant. The point of impact was established by the testimony of two investigating police officers, who based their testimony on the presence of debris in the highway, and the end of the skidmarks of the Rambler car. These skidmarks were 52 feet 10 inches in length and extended almost entirely across the exit from the restaurant.
Defendant’s driver testified that plaintiff Bell drove from the exit directly in front of her car whereupon she immediately applied her brakes, which effort was, howev *874 er, unsuccessful because of the short distance intervening between the vehicles.
Plaintiffs testified that to reach the restaurant they proceeded easterly on the highway to the Camilla Street intersection and crossed over the westbound traffic lanes into the service road, whereupon they reversed their course and proceeded westerly to the restaurant. Plaintiffs testified that, upon leaving the restaurant, they retraced their course of travel and proceeded easterly to the street intersection where they entered the highway and proceeded west in the right-hand westbound traffic lane. When they were about to pass the restaurant their car was struck from the rear by defendant’s vehicle.
Defendant’s driver, proceeding westerly, testified that when she reached the Camilla Street intersection she stopped to await a favorable signal; that her car was the lead car in the traffic lane and continued in the lead until plaintiffs’ vehicle emerged from the exit at the restaurant.
Plaintiffs testified that when they turned into the highway at the street intersection there was no oncoming traffic for a considerable distance down the highway. They never saw defendant’s vehicle until after the collision. The record discloses that the left rear of plaintiffs’ vehicle bore the brunt of the impact of the collision and not the entire rear end as plaintiffs contend.
From the judgment rendered, it can only be concluded that the trial court found the facts to be as claimed by defendants, as testified by their driver and as corroborated by the physical facts, that is, that plaintiffs did not enter the highway at the street intersection but entered it at the exit from the restaurant at a time when it was impossible for their driver to prevent the accident. We find no manifest error in that conclusion.
Thus we conclude, as did the trial court, that plaintiffs entered the highway at a time when it was unsafe to do so and that such constituted negligence, a proximate cause of the accident. This conduct violated the well-established legal principle that a motorist entering a highway from a private driveway or secondary road has the primary duty of avoiding a collision with a vehicle using the main highway, and that such driver may not enter the highway until it becomes apparent to him, or should become apparent to a reasonably prudent person under the circumstances, that his entrance to the highway can be made in safety. LSA-R.S. 32:124; O’Stean v. Safeco Insurance Company of America, 192 So.2d 620 (La.App., 2d Cir. 1966); Croom v. Pittsburgh Plate Glass Company, 148 So.2d 123 (La.App., 2d Cir. 1962).
Thus, one entering a main or favored highway is required to ascertain, by looking and using all other available means, that his entry in the light of existing and visible traffic conditions can be made in safety.
The record is void of any substantial showing that defendant’s driver exceeded the speed limit, or failed to keep a proper lookout, or failed to keep her vehicle under control.
From the facts established in the instant case, viewed in the light of the aforesaid principles, the conclusion appears inescapable that the sole, proximate cause of the accident was the failure on the part of plaintiff John W. Bell, Jr., tc make proper surveillance of the highway to determine whether there was any approaching traffic that might make it unsafe for him to enter the highway.
The judgment appealed is therefore affirmed at plaintiffs-appellants’ costs.
Affirmed.