260 So.2d 789 (1972)
John Ray DUPLECHIEN et al.
v.
William H. McNABB.
No. 4919.
Court of Appeal of Louisiana, Fourth Circuit.
April 4, 1972.
Rehearing Denied May 2, 1972.
Writ Refused May 30, 1972.
Drury, Lozes & Curry, Felicien P. Lozes, New Orleans, for defendant-appellee.
*790 J. Burton Willis, St. Martinville, for plaintiffs-appellants.
Before SAMUEL, CHASEZ and BOUTALL, JJ.
CHASEZ, Judge.
Plaintiffs, John Ray Duplechien and Harold Duplechien, instituted this action against the defendant, William H. McNabb, for damages sustained as a result of a motor vehicle collision which plaintiffs allege was caused solely by the negligence of defendant. Defendant answered, denying any negligence attributable to him and alleges that the accident was caused solely by the negligence of plaintiff driver, Harold Duplechien, and, alternatively, pleading contributory negligence.
Judgment in the 29th Judicial District Court for the Parish of St. John The Baptist was rendered dismissing plaintiff's suit. From this judgment plaintiffs have appealed.
The collision giving rise to this suit occurred on May 15, 1969. John Duplechien was the owner of a 1969 Chevrolet that he had loaned to his brother, Harold Duplechien, in order for the latter to cash a paycheck at a place of business located on U. S. Highway 61 (Airline Highway) south of Laplace, Louisiana, referred to in the record as a truck stop. At that point the highway runs generally in a southern direction toward New Orleans and a northern direction toward Baton Rouge. It is a four-lane, blacktopped, high speed highway. In this area north and southbound traffic is separated by an eight-inch concrete median and the speed limit is 70 miles per hour.
In leaving the truck stop the plaintiff's vehicle traversed the two northbound lanes and stopped in a thirty-foot opening in the median. The driver testified he saw the defendant's vehicle and thought he had sufficient time to turn left. He estimated the defendant's distance to be over a half mile away from the opening in the highway. After turning left into the inside lane he made a "normal" start and increased his speed to approximately 35 miles per hour heading south toward New Orleans, whereupon, at a distance of approximately 130 feet from the intersection, plaintiff's vehicle was struck from behind by the defendant's automobile with considerable force, causing the collapse of the rear end of plaintiff's Chevrolet Impala, propelling same to the right hand shoulder of the road some distance away from the point of impact.
Defendant testified he was traveling south on U.S. Highway 61 coming from McComb, Mississippi, after purchasing the 1967 Ford Thunderbird he was driving. As he approached the intersection plaintiff's vehicle turned left onto the highway in the same lane in which defendant was traveling and he was unable to see the vehicle except for its red tail lights which, when he saw them, were directly in front of him and too close for him to take evasive action. As a result, he applied his brakes and skidded 140 feet, as evidenced by the skid marks left on the highway, before striking plaintiff's vehicle.
The accident occurred at approximately 9:00 P.M. on a clear night. There were no obstructions to either plaintiff or defendant's view and the highway is straight and level for some distance in that area.
The trial court in its findings of fact determined that the defendant was moving at about 70 miles per hour and was not exceeding the speed limit. Both the plaintiff and defendant were traveling in the same lane when the accident occurred. The trial court also found that Harold Duplechien was negligent in not ascertaining that a left turn could be made without impeding or obstructing the travel of defendant's approaching vehicle. It was also found that the outer lane was free from traffic and *791 that the plaintiff should have sought this lane to make his left turn in view of his knowledge that defendant was traveling in the inside lane already.
The trial judge was convinced that the sole and proximate cause of the collision was plaintiff's negligence.
It is well settled that absent manifest error, a trial judge's findings of fact will not be overruled by an appellate court. We find no error in the trial court's determinations and findings.
As a general rule of law, a motorist on a highway has the right of way over vehicles entering the highway from less favored streets or private driveways. LSA-R.S. 32:124. The primary duty of avoiding a collision rests with the driver of the vehicle entering the public highway from a private driveway or secondary roadway, such a driver is required to keep a lookout for vehicles upon the highway and to desist from entering until it is apparent to a reasonably prudent person that such can be done safely. LSA-R.S. 32:124; Bell v. State Farm Mut. Auto. Ins. Co., 216 So.2d 872 (La.App., 2nd Cir., 1968). Cole v. Maryland Casualty Company, 205 So.2d 863 (La.App., 3d Cir., 1968). The motorist intending to enter a main highway is not required to refrain from entering as long as any traffic is in sight, but rather to refrain until it should appear to a reasonably prudent person that the entry can be made in safety and without obstructing traffic already traveling on the highway.
It is readily apparent that plaintiff's negligence was the sole and proximate cause of the accident in view of the physical evidence relative to the collision. Skid marks from defendant's vehicle began ten feet from the south end of the thirty-foot opening in the median and continued only 140 feet to where the point of impact occurred. Normal braking distance for automobiles traveling at a speed of 70 miles per hour is variously expressed by different authorities as anywhere from 192 feet to 272 feet. See 9C Blashfields Cyclopedia of Automobile Law and Practice § 6237, pg. 413 and Speed Charts, 14 Tul.L.Rev. 503 (1940). Plaintiff, accelerating normally to a speed of about 35 miles per hour was only able to go 140 feet before defendant, traveling at a lawful high rate of speed, collided with him. It stretches credulity to believe plaintiff's estimate that defendant's vehicle was half a mile or further away when he attempted to turn left onto the highway.
Further, plaintiff turned into the very lane he saw the defendant's vehicle approaching him in. There was another lane open to him and he knew the speed limit on U.S. Highway 61. LSA-R.S. 32:101 (3)[1] dictates that plaintiff's turn should have been made to the outside lane unoccupied by southbound approaching traffic on the highway. Motorists attempting to enter high speed highways should never expect approaching vehicles to evade them when insufficient time to maneuver is allowed the approaching vehicle. Plaintiff was negligent when he turned directly into the path of defendant's oncoming vehicle, when it is obvious from the evidence in the record that defendant's vehicle was too close to the opening in the median for *792 plaintiff to have safely and reasonably executed his entrance onto the highway.
Plaintiffs contend that they should be awarded reasonable costs and attorney fees for defendant's failure to answer interrogatories pursuant to LSA-C.C.P. Art. 1511. Twenty-five interrogatories were submitted to the defendant by the plaintiffs; of these sixteen were returned as "not relevant". On a rule to compel the answers and grant reasonable costs and attorney fees the trial judge found that the interrogatories in question were either irrelevant or improper as to their form. It was also determined that defendant would answer all questions after the hearing of the rule which was accordingly complied with. The trial court specifically found that refusal to answer the questions as propounded was justified.
A trial judge is given broad discretionary powers in determining whether or not refusal was "without substantial justification". LSA-C.C.P. Art. 1511; Smith v. Richardson, 200 So.2d 897 (La.App., 2d Cir., 1967).
The interrogatories specifically in question primarily relate to any traffic charges or citations the defendant might have received and bear no relation to the accident of May 15, 1969. In Ruthardt v. Tennant, 252 La. 1041, 215 So.2d 805, 808 (1968) the Supreme Court held:
"[3] In civil cases it is inadmissible to show that one or the other of the parties was charged by the police with a traffic violation or convicted. This would be merely the opinion of the officer or the judge, as the case might be. Trials and convictions in traffic courts and possibly in misdemeanor cases generally are not always trustworthy for they are often the result of expediency or compromise. To let in evidence of conviction of a traffic violation to prove negligence and responsibility in a civil case would unduly erode the rule against hearsay. Davis v. Bankston, 192 So.2d 614 (La.App. 1966); McCormick, Evidence § 295 (1954); Pugh, Work of Appellate Courts1966-1967, 28 La.L.Rev. 436 (1968); Uniform Rules of Evidence, R. 63(20) 1953; cf. Model Code of Evidence, rule 521 (1942)."
In addition, interrogatories are limited to matters relevant to the case under consideration. LSA-C.C.P. Art. 1436; Alford v. Kaiser Aluminum and Chemical Corporation, 229 So.2d 372, 374, 375 (La.App., 4th Cir., 1970).
In Alford v. Kaiser Aluminum and Chemical Corporation we held:
"The trial judge has very broad discretion in limiting the scope of interrogatories which are propounded and to make such orders to protect the party to whom the interrogatories are propounded from annoyance, embarrassment, oppression or undue expense. LSA-C.C.P. art. 1452; Dawson v. Lindsey, 143 So.2d 150 (La.App. 1st Cir. 1962). Unless there was grave error in the judgment of the trial judge it should not be set aside."
We do not find that the trial judge abused his discretion in the instant matter and plaintiff's claim for costs and attorney fees on defendant's failure to answer interrogatories was properly rejected.
For the above and foregoing reasons the judgment of the lower court is affirmed.
Affirmed.
NOTES
[1] "§ 101. Required position and method of turning at intersections.

"The driver of a vehicle intending to turn at an intersection shall proceed as follows:
"(3). Left turns on other than two-way roadways. At any intersection where traffic is restricted to one direction on one or more of the roadways, the driver of a vehicle intending to turn left at any such intersection shall approach the intersection in the extreme left-hand lane lawfully available to traffic moving in the direction of travel of such vehicle and after entering the intersection the left turn shall be made so as to leave the intersection, in the safest lane lawfully available to traffic moving in such direction upon the roadway being entered."