STOULIG, Judge.
Plaintiffs, Mr. and Mrs. Edgar W. Hall, have appealed a judgment dismissing their suit for damages arising out of a three-car *551 collision on the Chef Menteur Highway in which Mrs. Rosa Hall sustained serious injuries and the Hall community incurred property and special damages.[1] In rejecting plaintiffs’ claim, the trial court apparently determined Mrs. Hall’s negligence was the proximate cause of the accident. This determination is based on a finding of fact.
Our review of the record convinces us the evidence fully supports this conclusion. This collision occurred at about 11 a. m. on June 8, 1970 as Mrs. Hall attempted to enter the Chef Menteur Highway from a shopping center parking lot. At this point, the highway is composed of four lanes divided by a neutral ground accommodating traffic moving in an eastward and westward direction. The shopping center parking lot, which is 4 to S feet below the grade of the roadbed, fronts on and has five driveways leading into the westbound lanes of the highway.
At the time of the impact, Mrs. Hall was attempting to enter the highway from the parking lot, drive westward to the nearest opening in the neutral ground, and execute a U-turn to proceed eastward. As she moved into the westbound lanes, her car was struck by two vehicles, one driven by John Duffy and the other by John Lambert.
The controverted facts are the positions of the two approaching cars as the Hall vehicle entered the highway and the point of impact in relation to the driveway from which she emerged. We can only resolve this dispute by weighing the credibility of Mrs. Hall against that of John Duffy.
As did the trial court, we find the Duffy account to be the more credible. He stated that moments before the accident he was driving in the left-hand lane of the highway at a speed of 35 to 40 miles an hour. He began overtaking the Lambert car, moving in the same direction but in the adjoining right lane. When approximately 15 feet behind the Lambert car, Mr. Duffy noticed it began to veer slightly into his traffic lane. He immediately applied his brakes and swerved toward the neutral ground in order to avoid an impending collision with the Lambert vehicle. During this interval, the Duffy car, which was traveling at a slightly higher rate of speed, drew abreast of the Lambert automobile. And it was at this point that Mrs. Hall’s car suddenly emerged into the highway directly in front of both vehicles. He said both cars hit her simultaneously as her vehicle straddled both westbound lanes in a position almost perpendicular to the shopping center exit.
As plaintiff driver tells it, she entered the highway when she saw the Lambert and Duffy cars either stopped or moving at the intersection of Read Road. Various witnesses estimate this crossing as being three blocks (Mrs. Hall), five blocks or three-tenths of a mile (police officer), and one-fourth of a mile (Duffy) east of the shopping center exit from which Mrs. Hall emerged. Although the police officer who conducted the accident investigation placed the point of impact even with the exit because of the debris located there, Mrs. Hall insisted she had traveled 152 feet from this driveway in the westbound lanes before being struck.
In rejecting Mrs. Hall’s account, we are constrained to comment that we do not believe the Duffy and Lambert vehicles could have traveled approximately three-tenths of a mile (estimated distance from Read Road) in the same length of time it took Mrs. Hall to drive 152 feet on the highway, even if we accept her testimony that this was the location of the point of impact *552 from the shopping center exit. Though Mrs. Hall was unable to estimate the speed of the approaching vehicles due to her failure to maintain a sufficiently reasonable observation of their movement necessary for such a determination, she assumed that they were speeding because of the fact that they collided with her vehicle. However, as pointed out by counsel for defendants in their briefs, if these vehicles had been traveling at the rate of 90 miles per hour or 132 feet a second it would have taken approximately 10 seconds to travel from Read Road to the exit from which Mrs. Hall entered the highway.
It is obvious the defendants were not at Read Road but were in such close proximity to the exit from which Mrs. Hall emerged that she did not have sufficient time nor distance to safely execute her intended right-turn maneuver without interfering with approaching traffic. Her emergence into the path of the Duffy and Lambert vehicles was so unreasonable and unexpected as to deprive either driver of the last clear chance of avoiding the accident.
We conclude the negligence of plaintiff driver was the sole proximate cause,of the accident in that, in violation of state and city traffic ordinances, she entered into a public highway from a private driveway without ascertaining she could safely complete this maneuver and at a point in time when the defendant drivers could not avoid the collision. LSA-R.S. 32:124; M.C.S., Ord. No. 3816, § 1, 6-6-68; Duplechien v. McNabb, 260 So.2d 789 (La.App. 4th Cir. 1972) (writs refused, 262 La. 132, 262 So.2d 395 [1972]); Robles v. Horton, 247 So.2d 628 (La.App. 2d Cir. 1971).
For the reasons assigned, the judgment appealed from is affirmed. All costs of this appeal are to be borne by appellant.
Affirmed.

. Named defendants are John Duffy, driver of one of the vehicles, and his liability insurer, United States Fidelity and Guaranty Company; Mrs. Doris Lirette Lambert, ad-ministratrix of the succession of John R. Lambert, deceased operator of the second car; and by amended petition, The Travelers Indemnity Company was impleaded under the uninsured motorists provisions of its policy issued to the plaintiff.