LABORDE, Judge.
Andrew S. Holliday died on April 28, 1984, while domiciled in Natchitoches Parish, Louisiana. He is survived by four children: Sue Garris, Patsy Ruth Holliday Boone, Melinda Holliday Solorzana and Mellesa Holliday Diaz. In his last will and testament dated April 23, 1984, and probated on April 30,1984, Mr. Holliday left three of his daughters, Mrs. Boone, Mrs. Solorza-na and Mrs. Diaz, their forced portion in *1156 trust with the Ouachita National Bank as trustee. After Mr. Holliday’s death, Mrs. Solorzana and Mrs. Diaz renounced the succession. Under the terms of the will, Mrs. Garris was made the residuary legatee. Mrs. Garris was also named adminis-tratrix of the succession.
On October 7, 1988, Mrs. Boone filed a Motion to Remove the Succession Representative from Office. Mrs. Boone also filed on that day a Request for Production of Documents. The documents requested in that pleading were:
1. Copies of all Federal and State Income Tax Returns filed by the adminis-tratrix in a fiduciary capacity on behalf of the Succession Of Andrew S. Holliday, individually, after April 30, 1984;
2. Copies of all cancelled checks from all accounts in the name of Andrew S. Holliday, individually, or in the name of the Succession of Andrew S. Holliday, or in any account having funds belonging to the succession;
3. Copies of all monthly statements from all of the accounts mentioned above including all deposits and expenditures from said accounts;
4. Copies of all appraisals prepared at the administratrix’s direction on behalf of the Succession of Andrew S. Holliday; and
5. All audit papers in the administra-trix’s possession or under the administra-trix’s control in connection with a Federal Estate Tax audit performed by the Internal Revenue Service or any State taxing authority.
Additionally, on October 7, 1988, Mrs. Gar-ris filed a rule to show cause why Mrs. Boone should not be placed in possession of her interest in the estate and why the court should not determine that the Ouachita National Bank, in trust for Mrs. Boone, is not entitled to one-eighth of any interest earned by the succession while the succession is under administration.
The record establishes that Mrs. Garris failed to timely respond to the Request for Production of Documents filed on October 7, 1988. Mrs. Boone then filed a Rule to Compel Production of Documents on April 20, 1989. In turn, Mrs. Garris filed another rule nisi praying that the court order Mrs. Boone to show cause why an order should not issue declaring that Mrs. Boone is not entitled to any interest while the succession has been under administration. Both the motion to compel discovery and the rule nisi were heard by the trial judge on May 25, 1989. Neither Mrs. Garris nor her attorney made an appearance at the hearing, although Mrs. Garris’ counsel did submit a written opposition to the Request for Production of Documents prior to the hearing.
An order was signed by the trial judge on June 1, 1989, directing Mrs. Garris to produce the items described in Mrs. Boone’s Request For Production of Documents. The judgment also ordered Mrs. Garris to pay to Mrs. Boone $1,000.00 in attorney’s fees and reasonable expenses incurred by Mrs. Boone in obtaining the order. Finally, the judgment declared that Mrs. Boone is entitled to one-eighth of all income earned by the estate during the course of administration from the date of death of the testator until the rendition of a Judgment of Possession. Mrs. Garris now brings this appeal. We affirm in part, reverse in part and render.
On appeal, Mrs. Garris raises the following specification of errors:
1. The trial court erred in ordering the production of documents;
2. The trial court erred in assessing Mrs. Garris with attorney’s fees and court costs in this matter;
3. The trial court erred in declaring that Mrs. Boone is entitled to one-eighth of all income earned by the estate during the course of the administration.
Regarding specification of error numbers one and two, although neither party raises the issue, a trial court’s ruling on a motion to compel and its award of attorney’s fees for failure to make discovery is interlocutory and nonappealable; the proper device is to apply for supervisory writs. Matter of Hornsby and Landry, 532 So.2d 559 (La.App. 3d Cir.1988); Smith v. Smith, 398 So.2d 549 (La.App. 1st Cir.), writ denied, 399 So.2d-585 (La.1980); *1157 Roy v. Moity, 225 So.2d 315 (La.App. 3d Cir.1969). However, since Mrs. Garris also appeals the trial judge’s ruling on the rule nisi and in the interest of judicial economy, we will review the trial judge’s ruling on the motion to compel.
LSA-C.C.P. art. 1421 allows parties to obtain discovery through the production of documents or things. LSA-C.C.P. art. 1422 sets out the scope of discovery. It provides, in pertinent part, that:
sjc * * * * *
“Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party.... It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.”
The discovery statutes are to be liberally and broadly construed to achieve their intended objectives. Hodges v. Southern Farm Bureau Casualty Insurance Co., 433 So.2d 125 (La.1983).
In the case at bar, the Request for Production of Documents was filed pursuant to Mrs. Boone’s Motion to Remove Succession Representative from Office. We determine that the documents which Mrs. Boone seeks are not privileged and are relevant to the issues raised in the motion. Therefore, the trial judge did not abuse his discretion in ordering their production.
We also find that the trial court did not abuse its discretion in assessing attorney’s fees against Mrs. Garris. Under LSA-C.C.P. art. 1469:
“A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery as follows:
* * * * * *
If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney’s fees, unless the court finds that the opposition was substantially justified or that other circumstances make an award of expenses unjust.”
A trial court has broad discretion in determining whether a refusal to produce documents was substantially justified. See Duplechien v. McNabb, 260 So.2d 789 (La. App. 4th Cir.), writ denied, 262 La. 132, 262 So.2d 395 (La.1972). In this case, the trial judge determined that the opposition to Mrs. Boone’s discovery request was without substantial justification and awarded her $1,000.00 in attorney’s fees. We see no abuse of discretion.
Finally, Mrs. Garris contends that the trial court erred in declaring that Mrs. Boone is entitled to one-eighth of the income earned by the estate during its administration. We hold that it was premature for the trial judge to make this declaration. There has been no judgment of possession rendered in this case under LSA-C.C.P. art. 3381. Mrs. Boone has merely filed a motion to remove the succession representative. We can find no authority which would allow the trial judge to declare that Mrs. Boone is entitled to one-eighth of the income earned by the estate during its administration at this stage of the proceedings. Therefore, we determine that the trial judge erred in declaring at this stage in the proceedings that Mrs. Boone is entitled to one-eighth of the income earned by the estate from the date of the testator’s death to the date of the Judgment of Possession. Our decision here today does not address the merits of the issue, nor does it preclude the parties from raising the issue at a later date.
For the foregoing reasons, the judgment of the trial court is affirmed insofar as it grants Mrs. Boone’s motion to compel production of documents and assesses Mrs. Garris with $1,000.00 in attorney’s fee. The judgment on the rule nisi declaring Mrs. Boone to be entitled to an one-eighth *1158 interest in the income earned by the estate during administration is set aside. All costs are to be shared equally by Sue Gar-ris and Patsy Ruth Holliday Boone.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.