801 So.2d 659 (2001)
Nolen BRYANT
v.
JUSTISS OIL COMPANY.
No. 01-832.
Court of Appeal of Louisiana, Third Circuit.
December 12, 2001.
*660 W. Jay Luneau, Luneau Law Office, Alexandria, LA, Counsel for Plaintiff/Appellant Nolen Bryant.
Donald R. Wilson, Garahan & Wilson, Jena, LA, Counsel for Defendant/Appellee Justiss Oil Company.
Court composed of SYLVIA R. COOKS, OSWALD A. DeCUIR and MICHAEL G. SULLIVAN, Judges.
COOKS, Judge.
Nolen Bryant was employed as a gang pusher for Justiss Oil Company. Bryant was injured on November 10, 1996, in a work-related accident. Bryant continued to work until February 7, 1997, when he advised his supervisor that his injuries prevented him from working. After medical verification of the injuries, Bryant began receiving workers' compensation benefits for total and temporary disability in the amount of $341.00 per week. It was later determined that the employer miscalculated Bryant's average weekly wage, by including in the calculation a week of vacation and failing to include the value of fringe benefits.
In January of 1998, Bryant accepted employment with Shamrock Well Service. As a result, the employer converted Bryant from total and temporary disability benefits to supplemental earnings benefits. These benefits were also calculated using an incorrect average weekly wage amount. When the job with Shamrock was terminated four weeks later, Bryant's total and temporary disability benefits were reinstated.
On May 16, 1998, the employer again converted Bryant to supplemental earnings benefits based on a medical determination that he had reached maximum medical *661 improvement. Because it found Bryant was deriving income from self-employment, supplemental earnings benefits were factored assuming he was receiving minimum wage earnings.
On October 14, 1998, Bryant filed a disputed claim for compensation, alleging the erroneous calculation of his average weekly wage and arbitrary and capricious administration of his claim. Eventually, the claim was supplemented, adding demands for the employer's failure to provide medical records and for additional penalties and attorney's fees. The employer asserted entitlement to a reduction of benefits for Bryant's failure to participate in the rehabilitation process.
Shortly after trial began, the workers' compensation judge halted the trial and ordered a functional capacity evaluation of Bryant. After the evaluation was performed, the trial was resumed. After taking the matter under advisement, the workers' compensation judge made the following rulings:
1) The employer had miscalculated the average weekly wage, which should have been $775.73. The court also determined the employer had already rectified this mistake. However, the court imposed a $2,000.00 penalty and $1,000.00 in attorney fees for the failure to properly calculate the average weekly wage.
2) Bryant's demand for medical benefits related to carpal tunnel syndrome was denied due to inadequate proof of a causal relationship.
3) Bryant's demand for penalties and attorney fees for any delay in payment of supplemental earnings benefits was denied on the grounds any delay was due to the failure of Bryant to provide earnings histories.
4) The employer's demand for sanctions against Bryant for his alleged failure to participate in the rehabilitation process was denied.
Bryant appealed the judgment of the Office of Workers' Compensation, asserting the following assignments of error:
I. The workers' compensation judge erred in finding Bryant was not entitled to statutory penalties and attorney fees for filing a motion to compel discovery.
II. The workers' compensation judge erred when he failed to make an adequate award of attorney fees for the employer's failure to properly calculate the average weekly wage.
III. The workers' compensation judge erred in ruling that Bryant was not entitled to benefits for carpal tunnel syndrome.
IV. The workers' compensation judge erred in ruling Bryant was not entitled to penalties and attorney fees for the late payment of supplemental earnings benefits.

ANALYSIS

I. Motion to Compel Discovery.
During the discovery phase, Bryant moved for a subpoena duces tecum requiring production of the entire claims file pertaining to him. The employer moved for a protective order, contending part of the claims file may constitute "work product." The employer requested an in camera review of the files. After the in camera review, the workers' compensation judge ordered production of portions of the files. The employee sought penalties and attorney fees due to the employer's failure to immediately tender the requested documents. This request for penalties and attorney fees was denied.
La.Code Civ.P. art. 1469 provides that expenses and attorney fees may be awarded on a motion to compel discovery unless "the court finds that the opposition *662 to the motion was substantially justified or that other circumstances make an award of expenses unjust." A trial judge has vast discretion in determining whether a refusal to produce documents was substantially justified. Succession of Holliday, 576 So.2d 1155 (La.App. 3 Cir.), writ denied, 581 So.2d 708 (La.1991); Duplechien v. McNabb, 260 So.2d 789 (La.App. 4 Cir.), writ denied, 262 La. 132, 262 So.2d 395 (La.1972). In this case, the workers' compensation judge specifically found the employer was justified in seeking an in camera review of the requested documents. We find no abuse of discretion in his conclusion.

II. Attorney Fees Award.
Bryant contends the workers' compensation judge rendered an inadequate award of attorney fees for the employer's failure to properly calculate his average weekly wage. The judge in his oral reasons for judgment gave the following justification for his award:
I feel that a thousand dollars is sufficient attorney fee. Although this is a very simple matter to be litigated and Mr. Luneau [counsel for Bryant] has has done no calculations for the Court to help the Court in determining the value of average weekly wage and has simply dropped in the Court's lap all these documents and had the Court do all the computations for him on behalf of Mr. Bryant, II feel a thousand dollars is sufficient in that area.
In McCarroll v. Airport Shuttle, Inc., 00-1123 (La.11/28/00); 773 So.2d 694, 700, the Louisiana Supreme Court addressed the purpose for awarding statutory attorney fees:
The amount awarded is intended to provide full recovery, without statutory limitation, for attorney's services and expenses in connection with the litigation.... We therefore conclude that the statutory attorney fees, awarded to the employee in cases of arbitrary behavior of the employer or the insurer, were intended to benefit the employee, who would otherwise have to pay the contractual attorney fees out of his or her benefits recovered in the litigation, and were not intended to provide additional fees to the employee's attorney, who received the amount of the statutory attorney fees as full compensation for legal services in the litigation.
McCarroll makes it clear the purpose for awarding attorney fees is to compensate the attorney for the services rendered in connection with the litigation, thereby benefitting the employee. In this case, Bryant's attorney initially corresponded with the employer's insurance adjuster concerning the average weekly wage. When this was unsuccessful, a claim was filed with the Office of Workers' Compensation, which led to a mediation conference. Following the unsuccessful mediation conference, correspondence began with the employer's counsel disputing the average weekly wage. Discovery was conducted, and a trial was held. One of the major issues at trial focused on the computation of the average weekly wage. Although the workers' compensation judge was displeased with Bryant's counsel not providing the actual mathematical calculations on the average weekly wage, there was no dispute that all documents necessary to determine this amount were provided.
The workers' compensation judge's award of $1,000.00 in attorney fees does not adequately compensate Bryant's attorney for the services rendered in connection with the litigation. After a review of the record, we conclude an award of $3,500.00 in attorney fees is reasonable.

III. Carpal Tunnel Syndrome.
In rejecting Bryant's claim that his carpal tunnel syndrome was work-related, *663 the workers' compensation judge reasoned:
The Court concludes that there's been no showing of a connexity between carpal tunnel syndrome and the job activities of Mr. Bryant asas causing this to be an occupational disease. Doctor Naalbandian can't say where it comes from, there's fifty different causes. He only says the work may aggravate it.
The argument in brief to this Court was, well, if it's not related to the job accident on November 10th, certainly it's an occupational disease. There's no presumption ofof carpal tunnel syndrome being an occupational disease. The Claimant still bears the burden of proving that they developed carpal tunnel syndrome as a result of the duties of their occupation. I have no evidence of that ... There's no such showing for Mr. Bryant of any work activity which caused an aggravation or flare up of any carpal tunnel syndrome. So it's the Court's conclusion that there is no coverage for carpal tunnel syndrome if, in fact, Mr. Bryant has carpal tunnel syndrome.
Whether a workers' compensation claimant has satisfied his burden of proof on the work-related issue is a factual one and is susceptible to the manifest error standard of review. Winch v. Double M, Inc., 99-1793 (La.App. 3 Cir. 4/5/00); 764 So.2d 1055; Davison v. Horseshoe Casino, Inc., 31,166 (La.App. 2 Cir. 10/28/98); 720 So.2d 785. At trial, Bryant stated the problems with his hands existed approximately one year before the November 10, 1996 accident. Dr. Naalbandian testified the symptoms Bryant complained of were not related to the accident at issue. He instead related the carpal tunnel symptoms to "gradual wear and tear." The record supports the judge's finding that Bryant's carpal tunnel symptoms were not related to his work injury.

IV. Late Payment of Supplemental Earnings Benefits.
Bryant contends the workers' compensation judge erred in failing to assess penalties and attorney fees for the late payment of supplemental earnings benefits. The judge specifically found there was "no showing that there's been a late payment of SEB benefits." Bryant failed to provide the employer with the reports of earnings or non-earnings during the disputed period of April 1, 1999 through April 15, 1999. When the records of earnings were received, payment was sent to Mr. Bryant. Therefore, we find no merit in this assignment of error.

DECREE
For the foregoing reasons, we amend the judgment of the Office of Workers' Compensation to increase the award of attorney fees to $3,500.00 for the employer's failure to properly calculate the average weekly wage. In all other respects, the judgment is affirmed. Costs of this appeal are assessed equally to both parties.
AFFIRMED, AS AMENDED.