STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 03-1086


TAMMY SPELL

VERSUS

BAKER FOUNDATION

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT #4
PARISH OF ACADIA, NO. 02-01855
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE

**********

**ELIZABETH A. PICKETT
JUDGE**

**********

Court composed of Billie Colombaro Woodard, Elizabeth A. Pickett, and Arthur J. Planchard,[*] Judges.

**AFFIRMED.**


**Janice B. Unland
Brian W. Harrell
Rabalais, Unland & Lorio
5100 Village Walk, Suite 300
Covington, LA 70433
(985) 893-9900
Counsel for Defendant/Appellee:
        Baker Foundation**

**Richard E. Smith
Glenn Armentor Law Corporation
300 Stewart Street
Lafayette, LA 70501
(337) 233-1471
Counsel for Plaintiff/Appellant:
        Tammy Spell**

---

[*]Judge Arthur J. Planchard, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge *pro tempore.*

**PICKETT**, Judge.

## FACTS

Tammy Spell began working for Johnny and Alta Baker at Safe Haven Enterprises/Sollay Baker Foundation (Baker) in November, 1999. On July 25, 2000, while working in the course and scope of her employment, Tammy was involved in a motor vehicle accident. As a result, she sustained numerous personal injuries. After the accident, Tammy began receiving weekly workers' compensation benefits in the amount of $233.34, which was based on an average weekly wage of $350.00. On March 12, 2002, Tammy filed a Disputed Claim for Compensation wherein she alleges that the employer/insurer improperly calculated her average weekly wage and as a result, underpaid the amount of temporary total indemnity benefits. She further claimed that as a result of the improper calculation and underpayment of benefits, she was entitled to back pay, attorney fees, and penalties for their arbitrary and capricious behavior.

The parties were unable to resolve the matter through mediation, therefore, the matter proceeded to trial. A trial on the merits was held on February 6, 2003. The only issue litigated was the calculation of Tammy's average weekly wage. Tammy claimed that she was to be paid a net pay of $350.00 per week, based upon a gross pay of $500.00 per week. Her employer claimed that Tammy's average weekly wage was $350.00 per week. After reviewing the pleadings, hearing the testimony of witnesses and argument of counsel, the workers' compensation judge ruled in favor of the employer, Safe Haven Enterprises/Sollay Baker Foundation. The workers' compensation judge found that the average weekly wage, as currently calculated at $350.00 per week, was correct. The workers' compensation judge further ruled that neither the employer nor the insurer was guilty of any arbitrary or capricious behavior regarding the calculation of the average weekly

wage and denied Tammy's claim for penalties and attorney's fees. It is from this

judgment that the claimant appeals.

## ASSIGNMENTS OF ERROR

1.      The trial court committed manifest error and was clearly wrong
        in admitting into evidence defendant's Exhibit "D-1."

2.      The trial court committed manifest error and was clearly wrong
        in admitting defendant's Exhibit "D-2."

3.      The trial court committed manifest error and was clearly wrong
        in admitting defendant's Exhibit "D-3."

4.      The trial court committed manifest error and was clearly wrong
        in finding in favor of defendant as its decision was against the
        great weight of evidence.

## DISCUSSION

In claimant's first three assignments of error, she contends that the workers'

compensation judge committed manifest error and abused it's discretion in

admitting exhibits D-1, D-2, and D-3. We will discuss the claimant's first three

assignments of error together as she basically contends that the workers'

compensation judge erred in admitting evidence that the defendant did not provide

during the pretrial discovery process.

Louisiana Revised Statute 23:1317 provides guidance in workers'

compensation proceedings. That statute provides, in pertinent part:

> The workers' compensation judge *shall not be bound by technical
> rules of evidence or procedure other than as herein provided*, but all
> findings of fact must be based upon competent evidence and all
> compensation payments provided for in this Chapter shall mean and
> be defined to be for only such injuries as are proven by competent
> evidence, or for which there are or have been objective conditions or
> symptoms proven, not within the physical or mental control of the
> injured employee himself. The workers''compensation judge shall
> decide the merits of the controversy as equitably, summarily, and
> simply as may be. (emphasis ours)

Accordingly, the supreme court noted in *Chaisson v. Cajun Bag & Supply

Co.*, 97-1225, pp. 9-10 (La. 3/4/98), 708 So.2d 375, 381:

3

LSA-RS 23:1317 mandates that the hearing office's factual findings be based on "competent evidence." This legislative mandate is necessary because under the express language of LSA-RS 23:1317, worker's compensation hearing officers are "not bound by the technical rules of evidence." *Id.* In other words, the hearing officer has the discretion to admit evidence that would otherwise be inadmissible under the Louisiana Code of Evidence. This more relaxed standard for the admissibility of evidence is the general rule in proceedings before administrative agencies. MCCORMICK ON EVIDENCE § 352 (4th ed.1992). The legislative requirement that a hearing officer's factual findings be based upon competent evidence is the safeguard that ensures that the factual findings are made on evidence that has some degree of reliability and trustworthiness, notwithstanding that the evidence might fall outside of the technical rules for admissibility. Therefore, when a reviewing court evaluates the factual findings of a hearing officer under the manifest error standard, it must determine whether the factual findings are reasonable and supported by competent evidence in the record. Although the Legislature has not defined "competent evidence," in order to give the relaxed evidentiary standard in LSA-RS 23:1317 effect, it must not be defined so narrowly as to mean only evidence that would fall within the parameters of the Louisiana Code of Evidence. If the hearing officer's factual findings are reasonably supported by competent evidence, then the reviewing court must affirm them.

In *Chaisson* 708 So.2d at 382 , the supreme court also noted, in pertinent part:

Although the lower courts in Louisiana have generally recognized the admissibility of hearsay evidence in worker's compensation proceedings, there has been some confusion as to the weight it should be given, if any, by the hearing officer and by the reviewing court. *See Louisiana Hosp. Ass'n Workmen's Comp. Group Self Ins. Fund v. Auguillard*, 503 So.2d 1118, 1119 (La.App. 3 Cir. 1987) ("While the state of the law on this issue is unsatisfactory, recent decisions indicate that the mere fact that proffered evidence is hearsay is not sufficient grounds to exclude it in a worker's compensation case."). The Third Circuit has fashioned a somewhat more liberal standard, also finding that hearsay evidence, within discretionary limits, is admissible, but recognizing that the hearing officer is capable of determining the weight to be afforded such testimony. *Johnson v. Cajun Enterprises*, 293 So.2d 617, 623 (La.App. 3 Cir. 1974).

In the instant case, the claimant contends that the workers' compensation judge erred in admitting a paycheck made out to Tammy Spell that was dated

November 12, 1999 ("D-1"), the vendor's log of Loretta Spell ("D-2"), and the vendor's log of Tammy Spell ("D-3").

D-1, Paycheck dated November 12, 1999

When the defendant attempted to introduce the check dated November 12, 1999 at trial, the claimant objected on the following grounds:

> Endorsed by Tammy Spell, although that's on a separate - - let me be more clear. On Exhibit - - Defense Exhibit Number 1, this purports to be a check Number 22243, the amount of Three Hundred and Fifty Dollars, made out to cash, signed by Cennea - - Cennea Guidry. And on the same page is the Xeroxed back of this or some other check that purports to have Tammy Spell's endorsement on the back of it. The back of the check, far as I can tell, you can't - - there's no way to tell whether or not the back of the check is associated or goes with the front of the check. Now, that's the first objection.
>
> The second objection is that I specifically asked for that information in Request for Production Number 22, that says "Produce copies of any paychecks, pay stubs, or any other documents, memoranda pertaining to items that reflect the hours worked or wages or salary received by Tammy Spell during the period of employment with the employer," and that information was not provided to us before trial today.

The trial court noted the claimant's objection, but admitted the check over claimant's objection, and directed that the trial move on.

D-2 and D-3, Loretta Spell's and Tammy Spell's Vendor's Log

Loretta Spell, Tammy's aunt by marriage, was also employed by the defendant as a bookkeeper. Loretta's and Tammy's vendor's logs were generated two days prior to trial. Loretta did not affirmatively identify her vendor log at trial and she testified that she never saw it prior to trial. The claimant objected to the admission of both vendor's logs as rank hearsay on the ground that; neither was signed, no one verified them, no foundation was laid for them, they did not refer to anyone, they were not dated to identify when they were compiled, and they were not provided to the claimant prior to trial. Loretta testified that she had

5

conversations with Alta Baker about the amount of compensation she and Tammy would be paid. She stated that she knew that Tammy was not on the payroll and that taxes were not being deducted from her check.

In reviewing the testimony, we do not find that the workers' compensation judge abused his vast discretion by admitting the evidence in question. Although the check in question was made out to cash, Tammy testified that she received several checks in that manner and it did have the claimant's signature on the back. Furthermore, the claimant testified on numerous occasions throughout the course of the trial that she was paid $350.00 per week. In addition, several defense witnesses testified including, Alta Baker, the owner of Baker Foundation and Patricia K. McNeely, the General Manager of Safe Haven Enterprises, that Tammy Spell was paid $350.00 per week. Accordingly, these assignments of error are without merit.

In her fourth assignment of error, the claimant argues that the trial court committed manifest error and was clearly wrong in finding in favor of the defendants against the great weight of the evidence.

"Whether a workers' compensation claimant has satisfied his burden of proof on the work-related issue is a factual one and is susceptible to the manifest error standard of review." *Bryant v. Justiss Oil Co.*, 01-832 p.5 (La.App. 3 Cir. 12/12/01), 801 So.2d 659, 663 citing *Winch v. Double M, Inc.*, 99-1793 (La.App. 3 Cir. 4/5/00), 764 So.2d 1055, *writ denied*, 00-1271 (La. 6/16/00), 765 So.2d 339. Under the manifest error rule, the reviewing court does not decide whether the factual findings are right or wrong, but whether they are reasonable. *Stobart v. State, Through Dept. of Transp. & Dev.*, 617 So.2d 880 (La.1993).

*Calculation of Average Weekly Wage*

6

Louisiana Revised Statute 23:1021 provides in part:

(10) "Wages" means average weekly wage at the time of the accident. The average weekly wage shall be determined as follows:

(b) Monthly wages. If the employee is paid on a monthly basis, his monthly salary multiplied by twelve then divided by fifty-two.

During the course of the trial of this matter, Tammy testified numerous times that other than the two checks that she received for Four Hundred and Fifty Dollars from an account that did not say Baker Foundation, every other check that she received was for Three Hundred and Fifty Dollars.

Upon reviewing the record in its entirety, the facts clearly show that the claimant was paid Three Hundred Fifty ($350.00) Dollars per week. Furthermore, the claimant failed to present any evidence that she was ever paid $500.00. We find, therefore, that the workers' compensation judge did not err in finding that the claimant's average weekly wage was correctly calculated at $350.00 per week, and that the claimant's corresponding workers' compensation rate, of $233.34, was correctly calculated. This assignment of error is without merit.

## DECREE

The judgment of the workers' compensation judge is affirmed in all respects. Costs of this appeal are cast against the appellant.

**AFFIRMED.**