# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**03-1435**


JOHNNY JENKINS

VERSUS

ROY O. MARTIN LUMBER, INC.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF RAPIDES, NO. 02-07303
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE


\*\*\*\*\*\*\*\*\*\*


**MARC T. AMY**
**JUDGE**


\*\*\*\*\*\*\*\*\*\*


Court composed of Sylvia R. Cooks, Marc T. Amy, and Elizabeth A. Pickett, Judges.


**AFFIRMED.**


**John F. Wilkes, III**
**Borne & Wilkes, L.L.P.**
**Post Office Box 4305**
**Lafayette, LA 70502-4305**
**(337) 232-1604**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Roy O. Martin Lumber, Inc.**

**Russell L. Sylvester**
**Brittain & Sylvester, LLP**
**Post Office Box 2059**
**Natchitoches, LA 71457-2059**
**(318) 352-9588**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Johnny Jenkins**

AMY, Judge.

The claimant seeks workers' compensation benefits associated with what he contends is a progression of a previous work-related injury. The workers' compensation judge found in favor of the employee, awarding benefits, penalties, and attorney's fees. The defendant's affirmative defense under La.R.S. 23:1208 was denied. The employer appeals. For the following reasons, we affirm.

**Factual and Procedural Background**

According to stipulations entered into between the parties, the claimant, Johnny Jenkins, originally sustained a compensable work-related injury while in the course and scope of his employment with the employer, Martco. Due to this injury, which occurred in July 1996, the claimant underwent two procedures, a lumbar fusion at the L5-S1 level in July 1997, and a microdiskectomy at the L3-4 level in September 2000. According to the claimant's testimony, he returned to work at Martco in December 2001, assigned to a light-duty position in the employer's guard and scale houses. He asserted that, during this time, he continued to have back pain, but was able to perform his job duties.

The instant matter arose when, according to the claimant, he awoke on Saturday, June 15, 2002, with severe back pain. He testified that, earlier, he had stopped wearing a prescribed brace due to increasing back pain, that the back pain had lessened for a while, and that the pain suddenly accelerated when he awoke on June 15th. At trial, he denied any physical activities prior to the onset of pain, other than his work at Martco.

The claimant was scheduled to return to work on Monday, June 17th. However, he telephoned Martco's occupational nurse, Colleen VanMol, and informed her that

he would be unable to report to work on that date due to the pain. Ms. VanMol testified that the claimant related the onset of pain to having mowed his lawn. The claimant denies having made this statement or having mowed his lawn since the initial discovery of the original herniation. This difference in the version of events is at issue.

On June 18th, the claimant reported to Dr. Lawrence Drerup, who noted claimant "developed sudden onset of severe mechanical low back pain approximately one month ago." The notation further indicates "[the claimant] is unaware of any traumatic event, physical exertion or postural change that resulted in onset of symptoms." Dr. Drerup recommended that the claimant "undergo diagnostic and therapeutic facet block at L4-5 left." According to the claimant, when he inquired of the employer as to whether the injection would be provided, he was informed that it would not be provided.

Terry Garrett, assigned to insurance matters at Martco, confirmed at trial that he denied the medical treatment. Mr. Garrett referenced the alleged inconsistencies between the nurse's indication that the pain was caused by a lawn mowing incident and the physician's note, which did not contain any information regarding lawn mowing. He also pointed to a notation on the report regarding the onset of pain one month earlier.

Neither was the procedure approved when the claimant reported again to Dr. Drerup in August 2002. The physician noted the insurance dispute and stated: "I have again suggested Mr. Jenkins undergo diagnostic and therapeutic facet L4-5, left. Mr. Jenkins' present symptoms are a direct progression of his previous lumbar fusion L5-

2

S1. Mr. Jenkins is not capable of returning to gainful employment until completion of the above diagnostic and therapeutic intervention."

The claimant filed the disputed claim for compensation in September 2002, noting that in addition to his claim for compensation benefits, he would be seeking penalties and attorney's fees. The employer filed an answer, asserting a defense under La.R.S. 23:1208. Following a hearing, the workers' compensation judge found in favor of the claimant, awarding temporary total disability benefits from June 18, 2002, medical expenses related to the compensible condition, $2,000 in penalties for the failure to pay indemnity benefits, $2,000 in penalties for failure to provide medical expenses, and $7,000 in attorney's fees. The workers' compensation judge denied the employer's La.R.S. 23:1208 claim.

The employer assigns the following as error:

I.     The trial court erred in granting claimant's motion to compel and ordering employer to produce materials before the claimant's deposition had been taken.

II.    The trial court erred in failing to find that the claimant violated La.R.S. 23:1208, by his inconsistent statements to the employer and to his doctor prior to his 1008 disputed claim and thereafter in his 1008 disputed claim and under oath at trial.

III.   The trial court erred in finding that the claimant had a work related accident within the course and scope of his employment, and that employer was liable for all reasonable and necessary expenses.

IV.    The trial court erred in finding that claimant is entitled to TTD benefits, as opposed to SEB benefits.

V.     The trial court erred in failing to find that the claim was reasonably controverted and assessed employer with penalties and attorney's fees.

VI.    The trial court erred in assessing all costs of court to employer.

**Discussion**

*Motion to Compel*

In its first assignment of error, Martco explains that it attempted to take the claimant's deposition prior to its disclosure of whether it had possession of any recording of conversations between the claimant and Martco employees. It contends that the trial court erred in granting a motion to compel filed by the plaintiff, seeking access to any such records prior to the taking of the deposition.[1]

The employer contends that the trial court's ruling was contrary to the Louisiana Supreme Court's decision in *Wolford v. Joellen Smith Psych. Hosp.*, 96-2460 (La. 5/20/97), 693 So.2d 1164. In *Wolford*, the Louisiana Supreme Court concluded that, absent special circumstances, an employer was entitled to depose a plaintiff prior to disclosure of surveillance videotape. However, in *Wolford*, the fact of the videotape's existence had been disclosed to the plaintiff, it was the actual release of the videotape which was at issue. The supreme court observed that its ruling was a "narrow one addressing the timing of the production of surveillance videotape during the course of pretrial discovery." *Id.* at 1166.

Our review of the employer's argument indicates that it was contesting the production of information as to whether any recording existed. In light of *Wolford*'s narrow focus, we find no merit in the employer's assertion that the case required the exchange of information regarding the presence of any recordings prior to the claimant's deposition.

---

[1]There is no indication that the employer sought review of the interlocutory ruling through a writ application as would be appropriate. As other appealable issues are raised, however, we review the matter. *See Succession of Holliday*, 576 So.2d 1155 (La.App. 3 Cir.), *writ denied*, 581 So.2d 708 (La.1991).

*Forfeiture of Benefits under La.R.S. 23:1208*

The employer next argues that the trial court erred in denying its claim of forfeiture under La.R.S. 23:1208. The employer contends that the claimant made false statements in the reporting of his accident. It notes that its occupational nurse testified that the claimant first related the condition to having mowed his lawn. It further points out that the claimant denies having made this statement and also did not report as such to the doctor. Furthermore, it notes that Dr. Drerup's report from June 18th, indicates that the onset of pain was one month earlier. These inconsistencies, the employer contends, warrant imposition of the La.R.S. 23:1208 forfeiture.

La.R.S. 23:1208 provides, in part:

A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.

B. It shall be unlawful for any person, whether present or absent, directly or indirectly, to aid and abet an employer or claimant, or directly or indirectly, counsel an employer or claimant to willfully make a false statement or representation.

. . . .

E. Any employee violating this Section shall, upon determination by workers' compensation judge, forfeit any right to compensation benefits under this Chapter.

A trial court's determination as to the existence of false statements made for the purpose of obtaining benefits is not to be reversed on appeal absent manifest error. *Murphy v. Brookshire Grocery Co.*, 02-808 (La.App. 3 Cir. 12/11/02), 832 So.2d 1157.

In ruling on the issue, the workers' compensation judge acknowledged the lawn mowing statement allegedly made to Ms. VanMol, but discredited that statement, explaining:

> It's this Court's conclusion that Ms. VanMol's documentation of mowing the lawn was a false remembrance on her part as to the conversation she had with Mr. Jenkins. Mr. Jenkins has corroborated in the testimony of that of his brother and the stipulated testimony of his father that he didn't mow the lawn.

This statement indicates a clear credibility determination made by the workers' compensation judge, one that is supported by the record. As noted by the trial court, the claimant's denial that he initially related the testimony to having mowed the lawn was corroborated by statements from the claimant's brother, who testified that the claimant was unable to do so. Both testified that the claimant did not, in fact, even own a working lawn mower. Finally, it was stipulated to that, if called to testify, the claimant's father's testimony would be in conformity with that of the claimant's brother.

Furthermore, the employer questions Dr. Drerup's June 18th notation that the claimant described the onset of pain as having occurred "approximately one month ago." The employer contends that the claimant's other reports of the pain having increased only a few days before the appointment are statements requiring forfeiture under La.R.S. 23:1208. When questioned as to the physician's notation, the claimant related it to a prior visit to Dr. Drerup, in April 2002, after he began to suffer pain as the result of a brace he was required to wear after his initial injury and surgeries. He explained that after he stopped wearing the brace he began feeling better and that the pain suddenly accelerated on the Saturday before he was to return to work.

6

We note that the employer has cited in its brief a number of what it contends to be inconsistencies in the claimant's reporting of the accident in general, including those discussed above. We have reviewed the entirety of the record and the exhibits included and find that, as a whole, the workers' compensation judge's findings that any misstatements are insufficient to qualify as those requiring forfeiture under La.R.S. 23:1208 is supported. This assignment lacks merit.

*Existence of Work-Related Accident*

In its next assignment of error, the employer contends that the record does not support a finding that the injury complained of stemmed from a work-related accident. The requirement that an injury arise from a work-related accident is, of course, a requirement under La.R.S. 23:1031. While framed as a question as to the occurrence of a work-related accident, much of the employer's argument in brief returns, again, to its concern over credibility issues. These have been discussed above. With regard to the question of whether the injury complained of is related to a work-related injury, Dr. Drerup's report from the claimant's August 21, 2002 report provides, in part:

> I have again suggested Mr. Jenkins undergo diagnostic and therapeutic facet L4-5, left. *Mr. Jenkins' present symptoms are a direct progression of his previous lumbar fusion L5-S1.*

(Emphasis added.)

As stated above, the parties stipulated that the L5-S1 lumbar fusion was work-related. Dr. Drerup's note fully supports the determination that the claimant's injuries were work-related. This assignment lacks merit.

7

*Classification of Benefits*

In its next assignment of error, the employer contests the determination that the claimant is entitled to TTD benefits. In its brief to this court, the employer asserts that:

> There is no testimony from any doctor that Johnny Jenkins is incapable of working. Mr. Jenkins worked at the scale house and gave his job description at Tr. pages 173, 174. Claimant's subjective belief alone is not enough to establish his inability to work. He earned more than his pre-injury wage at the scale house job.

(Emphasis omitted).

A June 18, 2002 "Work Status/ Release Form" from Dr. Drerup's office indicates that the claimant was temporarily unable to return to work. Furthermore, Dr. Drerup's August 21, 2002 report indicates that: "Mr. Jenkins is not capable of returning to gainful employment until completion of the above diagnostic and therapeutic intervention." The claimant also testified that he felt that he was unable to return to work. The presence of this evidence supports the workers' compensation judge's determination that the claimant is entitled to TTD benefits.

*Penalties and Attorney's Fees*

The employer also asserts that the award of penalties and attorney's fees was in error. It contends that the matter was reasonably controverted given what it contends were inconsistent statements from the claimant.

La.R.S. 23:1201 provides for the imposition of penalties and attorney's fees in the event workers' compensation benefits are not provided. La.R.S. 23:1201(F)(2) indicates, however, that the penalties and attorney's fees "shall not apply if the claim is reasonably controverted." On review, a workers' compensation judge's

8

determination as to whether penalties and attorney's fees are appropriate is subject to the manifest error standard of review. *See Brady v. Northland Frozen Food*, 96-442 (La.App. 3 Cir. 10/9/96), 688 So.2d 1139.

In awarding penalties and attorney's fees, the workers' compensation judge observed that, according to the testimony of Mr. Garrett, benefits were denied, in part, because there was no indication that the injury was work related. The workers' compensation judge continued, however, noting that an aggravation of a pre-existing work-related injury is compensable, and that:

> Mr. Garrett never contacted Dr. Drerup to ascertain from Dr. Drerup whether or not there was any aggravation to the previous work injury. In fact, Mr. Garrett had in his possession a report from Dr. Drerup dated August 21st of 2002 that indicated that Mr. Jenkins' current condition was a direct progression of his work-related injury from 1996. Mr. Garrett testified he simply didn't believe Dr. Drerup's opinion. The employer obtained no other contrary medical opinion.

Our review of the record confirms this absolute failure to investigate, even after information indicating that the injury was an aggravation of the previous work-related injury. Therefore, we find this assignment to be without merit.[2]

*Assignment of Costs*

As we have left the workers' compensation judge's ruling undisturbed, we do not address the employer's contention that the assignment of costs should be reversed.

---

[2]We note that the claimant has not filed an appeal or answer seeking additional attorney's fees for work performed on appeal.

**DECREE**

For the foregoing reasons, the ruling of the Office of Workers' Compensation is affirmed. All costs of this proceeding are assessed against the employer, Martco Limited Partnership.

**AFFIRMED.**